IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07 B 07395 |
| RICHARD KORTAN | ) | |
| PAMELA KORTAN, | ) | Hon. Eugene Wedoff |
| | ) | |
| Debtors and Debtors in Possession. | ) | |

**FIRST AMENDED PLAN OF REORGANIZATION**

This First Amended Plan of Reorganization (hereinafter "Plan") is filed by RICHARD AND PAMELA KORTAN (the "Debtors"), Debtors and Debtors in Possession, pursuant to Title 11 United States Code, § 1121(a), on September 25, 2007.

**CONTENTS**

| | | |
|---|---|---|
| ARTICLE I | - | Definitions |
| ARTICLE II | - | Construction |
| ARTICLE III | - | Classification of Claims |
| ARTICLE IV | - | Treatment of Claims Not Impaired Under the Plan |
| ARTICLE V | - | Treatment of Claims that are or may be Impaired by the Plan |
| ARTICLE VI | - | Implementation of the Plan |
| ARTICLE VII | - | Allowance, Disallowance and Compromises of Claims |
| ARTICLE VIII | - | Transfers of Claims |
| ARTICLE IX | - | Executory Contracts and Unexpired Leases |
| ARTICLE X | - | Retention, Enforcement, Settlement or Adjustment of Claims Belonging to the debtor or to the estate |
| ARTICLE XI | - | Reports |
| ARTICLE XII | - | Modification of the Plan |
| ARTICLE XIII | - | Jurisdiction of the Court |
| ARTICLE XIV | - | Confirmation of Plan |

**ARTICLE I**
<u>DEFINITIONS</u>

1.00   The following terms, when used in the Plan, shall, unless the context otherwise requires, have the meanings specified below:

1

1.01    ADMINISTRATIVE CLAIM:  An administrative expense which is entitled or purportedly is entitled to priority pursuant to § 507(a)(1) of the Code, including any actual and necessary expenses of preserving the estate and any actual and necessary expenses of operating the Debtor's business from and after the commencement of these reorganization proceedings, for which application for allowance has been filed prior to the Effective Date or such other date or dates as the Court determines.

1.02    ALLOWANCE DATE:  The date an order of Court allowing a Claim in this Chapter 11 case has become final and non-appealable and no appeal therefrom is pending.

1.03    ALLOWED ADMINISTRATIVE CLAIM:  An Administrative Claim as the same is allowed, approved and ordered paid by the Court.

1.04    ALLOWED CLAIM:  A claim (i) a proof of or application for which is filed within the time fixed by the Court or, if the claim arose out of the rejection of an executory contract or unexpired lease, within the time fixed by the Court or as provided in Article IX of the Plan; or (ii) that has appeared, or hereafter appears, in the final schedules filed by the Debtor under § 521(1) of the Code, except a claim that is disputed, contingent or unliquidated as to amount and, in each case, to which no objection to the allowance thereof has been filed within the applicable period fixed by the Court, or as to which the order of Court allowing such claim has become final and non-appealable and no appeal therefore is pending.  Allowed Claim includes Allowed Secured Claims and Allowed Priority Tax Claims.  Allowed Claim shall not include any Allowed Administrative Claim.

1.05    ALLOWED SECURED CLAIM:  An Allowed Claim to the extent that it is determined by the Court to be secured by a valid and subsisting lien, security interest or other encumbrance (other than any liens, security interests or other encumbrances granted under the Plan) on property in which the Debtor has an interest which is not void or voided under applicable state or federal law, including the Code, or that is subjected to setoff under § 533 of the Code.

1.06    CASE:  The Chapter 11 case of RICHARD AND PAMELA KORTAN, initiated as a voluntary chapter 11 case under the Bankruptcy Code by the Debtors on April 24, 2007.

1.07    CLAIMS:  All obligations and liabilities of the Debtors of every kind and nature incurred prior to the Confirmation Date, including without limitation, liquidated and unliquidated claims, disputed and undisputed claims, contingent and unconditional claims, allowed and disallowed claims, Secured Claims, and Priority Tax Claims.

1.08    CODE:  Title 11 of the United States Code 11 U.S.C. §§ 101 et seq. and amendments thereto.

1.09    COMMITTEE:  The creditor's committee as now or hereafter constituted which was or may be appointed in this case.

1.10    CONFIRMATION DATE:  The date of the entry by the Court of an order confirming the Plan.

1.11    COURT:  The United States Bankruptcy Court, a unit of the United States District Court, for the Northern District of Illinois, Eastern Division (Bankruptcy Court), including the United States Bankruptcy Judge presiding in this case or, as appropriate or required, the United States District Court for said District and Division (District Court), and any Court having competent jurisdiction to hear appeals therefrom.

1.12    CREDITORS: All persons and entities holding or purporting to hold claims. Creditors shall include Secured Creditors.

1.13    DEBTORS:  RICHARD AND PAMELA KORTAN, individuals, and Richard Kortan doing business as Rollins Chiropractic.

1.14    EFFECTIVE DATE:  The date on which the order confirming the Plan becomes final and non-appealable and on which date no such appeal is pending.

1.15    EQUITY INTEREST:  Debtors' equitable interest in any real or personal property as of the Confirmation Date.

1.16    INSIDER:   Any relative of the debtor or of a general partner of the Debtors, or a partnership in which the Debtors are a general partner, or a general partner of the Debtors, or a corporation of which the Debtors are directors, officers, or persons in control.

1.17    INSIDER'S CLAIM:  Every Claim of every Insider except Claims found upon a right of subrogation, exoneration or contribution for payment by an Insider of all or part of an Allowed Claim of a Creditor other than an Insider.

1.18    INTEREST:  Unless otherwise expressly stated in the Plan, interest shall mean simple interest at the specified annual rate.  Where daily calculations are applicable or appropriate, the per diem rate shall be calculated on the basis of the number of days in the actual calendar year or month as the case may be.

1.19    PLAN:  DEBTORS' PLAN OF REORGANIZATION as set forth herein or as it may be modified or amended.

1.20    PRIORITY CLAIM:  An Allowed Claim other than an Allowed Administrative Claim or an Allowed Priority Tax Claim to the extent that the Court determines that such claim is entitled to priority treatment under § 507 of the Code.

1.21   PRIORITY TAX CLAIM:  A Claim entitled to or purportedly entitled to priority pursuant to § 507(a)(8) of the Code.

1.22   SECURED CLAIM:  A Claim secured or purporting to be secured in whole or in part by a lien, security interest or other encumbrance (other than any liens, security interest or other encumbrances granted under the Plan) on property in which the Debtors have an interest (herein called the Collateral) which is not void or voidable under applicable state or federal law, including the Code, or that is subject to setoff under § 533 of the Code.

1.23   SECURED CREDITOR:  A Creditor having an Allowed Secured Claim.

## ARTICLE II
## CONSTRUCTION

2.00   Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Code and in the Rules of Bankruptcy Procedure.

2.01   The table of contents, Article and Section captions used in the Plan are for convenience only, and shall not affect the construction of the Plan.

2.02   In the event of ambiguity or uncertainty, the Plan shall be liberally construed in light of the circumstances then preset to best effectuate the polices and rehabilitative purposes of the Bankruptcy Code and especially Chapter 11 thereof.

2.03   Time periods shall be liberally construed to effectuate their purposes and, though important, are not of the essence.

## ARTICLE III
## CLASSIFICATION OF CLAIMS

3.00   UNCLASSIFIED CLAIMS shall be Allowed Administrative Claims, including fees owing to professionals whose employment has been approved by the Court, statutory fees owing to the U.S. Trustee, and all Allowed Priority Tax Claims.

3.01   CLASS I CLAIMS shall be all Allowed Claims entitled to priority by §§ 507(a)(1), (2), (3), (4), (5), (6), (7), and (8) of the Bankruptcy Code.

3.02   CLASS II CLAIMS shall be all Allowed Secured Claims of Countrywide Home Loans, Inc. to the extent that they are secured by real property of the Debtors.

3.03   CLASS III CLAIMS  shall be all Allowed General Unsecured Claims without Priority (excluding Unclassified Claims as defined above and Class I Secured Claims),  as the same are allowed, or after objection approved and ordered to be paid

*4*

by the Court.  Class III CLAIMS shall also include, without limitation:  all claims that may arise out of the rejection of executory contracts; all claims of Secured Creditors to the extent that the Court finds their Claims unsecured in whole or in part, and all Claims of Secured Creditors who otherwise elect to participate in whole or in part as Class III Unsecured Creditors, upon filing of an appropriate proof of claim as may be allowed by the Court.

## ARTICLE IV
### TREATMENT OF CLAIMS NOT IMPAIRED BY THE PLAN

    4.00   Unclassified Claims are presumed unimpaired under the Plan.

    4.01   Holders of unpaid Unclassified Allowed Administrative Claims shall on the Effective Date receive on account of such claims cash equal to the allowed amounts of such claims, except to the extent that a holder of such particular Claim agrees to accept different treatment.

    4.02   All administrative fees owing to the Office of the United States Trustee will be paid on or before the date of Confirmation.

    4.03   Allowed Priority Tax Claims, including any and all allowed interest and penalties, shall be paid, as provided for in § 507(a)(8) and § 1129(a)(9)(C), in full in cash within six (6) years after the date of assessment of each claim or four (4) years from the Effective Date, whichever is earlier.  The Debtors do not believe that there are any priority tax claims.

    4.04   All other claims are presumed to be impaired.

## ARTICLE V
### TREATMENT OF CLAIMS THAT ARE OR MAY BE
### IMPAIRED UNDER THE PLAN

    5.01   The Debtors believe that no Class I claims exist in this case.  If any unpaid Class I Claims are discovered, to the extent they are found to be priority claims and are allowed by the Court, will be paid in full, but without interest, in accordance with the following provisions:
       a. Holders of claims of a kind specified in §§ 507(a)(1) and (a)(2) shall receive on the Effective Date cash equal to the amount of the respective claim.
       b. Holders of claims of a kind specified in §§ 507(a)(3), (a)(4), (a)(5), (a)(6), (a)(7), and (a)(8) will receive deferred cash payments equal to the value of such claims to be paid in full prior to any payments being made to general unsecured creditors without priority.

    5.02.   The Class II claims of Countrywide Home Loans, Inc. ("Countrywide"), to the extent that its claims are allowed and found to be secured by the Debtors'

homestead located at 376 St. Andrews Lane, Gurnee, Illinois (the "Homestead Property"), will be satisfied in full during the first year of the Plan, prior to any payments being made on general unsecured claims without priority.  In order to satisfy the claims, in June of 2008 the Debtors will either surrender the Homestead Property to Countrywide or sell the Homestead Property, free and clear of all claims, liens and encumbrances.

5.03   The holders of all Class III General Unsecured Claims without Priority, to the extent their claims are allowed or after objection approved and ordered to be paid by the Court in specific liquidated amount, will be paid ten percent (10%) of their allowed claims, pro rata. The Debtors will remit a total of $9,581.00 in the 24th month of the Plan, $15,284.00 in the 36th month of the Plan, $16,244.00 in the 48th month of the Plan and $16,587.29 in the 60th month of the Plan in payments to unsecured creditors, pro rata.

## ARTICLE VI
IMPLEMENTATION OF THE PLAN

MANAGEMENT, OWNERSHIP, OPEREATIONS:

6:00[A]  After reorganization, the Debtors will continue to possess their assets and to manage their affairs. The Debtors shall have the right to develop a business, to negotiate and enter into contracts, to purchase equipment, to incur new indebtedness, to enter into partnerships and joint ventures, to hire and fire professionals, and to pay post-petition creditors on a current basis without further order of court.

FUNDING

6.01  Payments required under the Plan shall be funded from the operation of Richard Kortan's business, Rollins Chiropractic.

SURRENDER OF ASSETS

6.02  Any assets may be surrendered to the holder of the Allowed Secured Claims secured by such asset in satisfaction of such claim to the extent the parties agree, or if no agreement is reached, after notice and hearing before the Court.

DISTRIBUTION TO CREDITORS

6.03   The Debtors, through their bankruptcy counsel, shall be responsible for making all distributions and other payments required under this Plan.

DISPUTED CLAIMS

6.04[A]  In the event that a Non-Tax Claim is not allowed by the Court until after one or more distributions or payments otherwise would have been due under the Plan on account of such Claim, then, every such payment or payments, which would have

been due earlier to that Creditor, shall be made within ninety (90) days after the Allowance Date of such Claim.

6.04[B]  In the event that a dispute arises as to a Priority Tax Claim, the Debtors shall continue to remit such payments, as due under paragraph § 4.04 of this Plan, as though no such dispute has occurred, until such time as the dispute is resolved.

6.04[C]  The Debtors shall have the right to object to claims for 90 days after confirmation of the Plan.

REPORTS

6.05   At such times as may be designated by the Court, the Debtors shall file written reports of the distributions made under the Plan, and serve copies of the report on the U.S. Trustee.

CLOSING THE CASE

6.06   After the Plan shall have been substantially performed, the Court shall enter an order closing this case and discharging any and all agents, employees, and representatives of the Debtors from any or all further liability and responsibility arising from or in connection with this reorganization and their dealings with the Debtors prior to the entry of such order.

NOTICES

6.07[A]   Unless the Court orders otherwise, all notices required to be given to the Debtors shall be delivered to RICHARD AND PAMELA KORTAN at the address listed in the Schedules, and to the attorney of record for the debtor.  At the time of confirmation, Debtor's attorney of record is:  Forrest L. Ingram, Forrest L. Ingram, P.C., 79 W. Monroe, Suite 900, Chicago, IL 60603.  Copies of notices to the Debtors shall also be served upon the U.S. Trustee.

6.07[B]  Unless the Court or the Plan expressly requires other and further notice, notice shall be deemed sufficient if given to the Debtors, the U.S. Trustee, the Attorney for the Debtors, and every holder of an Allowed Secured Claim directly and materially affected by the matter which is the subject of the notice.  Notice to all interested persons shall not be necessary, except in the event of a general and material modification of the Plan for which a general vote of creditors is required by the Code.

## ARTICLE VII
### EFFECTS OF CONFIRMATION AND PERFORMANCE

7.00  In addition to any other effects of confirmation set forth in 11 U.S.C. § 1141 or arising under any other law or out of the Plan:

(i)  Confirmation of the Plan shall bind to the provisions of the Plan, the Debtors, every creditor and every equity security holder, whether of not any claim or interest of any such creditor or equity security holder is impaired under the Plan, and whether or not any such creditor or equity security holder has accepted the Plan.

(ii)  Confirmation of the Plan shall vest all of the property of the Debtors' estate in the Debtors.

(iii)  All property dealt with by the Plan shall be free and clear of claims and interests of creditors and equity security holders, except as otherwise expressly provided in the Plan.

## ARTICLE VIII
### TRANSFERS OF CLAIM

8:00   In the event that any Creditor shall transfer his Claim, it shall deliver to the Debtors and his attorney, by certified United States Mail written notice of such transfer, including the name and address of the transferee.  The Debtors shall be entitled to assume that no transfer of any Claim has been made until the Debtors shall have so received such written notice to the contrary.  Each transferee of any Claim shall take such Claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken hereunder; and, except as expressly provided in such notice, the Debtors shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers under the plan of the transferor with respect thereto.

## ARTICLE IX
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

9.00   The Debtors assume their lease of a 2005 Hummer automobile from GMAC, and also the lease of a 2006 Infiniti GT from Nissan-Infiniti LT.  The Court shall retain jurisdiction after the confirmation of the Plan to consider applications for the assumption or rejection of any executory contracts or unexpired leases of the Debtors that have not been previously assumed or rejected, or assumed or rejected in this Plan.

9.01   Any person or entity claiming rights under an executory contract or unexpired lease, rejected pursuant to the provisions of this Article, shall have until the

later of thirty (30) days after the Effective Date, or the rejection of such executory contract or unexpired lease, to file a proof of claim in this Chapter 11 case, or such additional time as the Court, before that date, may allow.

## ARTICLE X
### RETENTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTORS OR TO THE ESTATE

10:00  The Debtors shall retain and have the right to enforce all causes of action, previously known or unknown, if any, existing in favor of the estate.  The Debtor shall have the right to employ such attorneys, accountants, or other experts as may be necessary to enforce the causes of action retained here.  Costs and attorneys' fees incurred in pursuing said causes of action will be priority claims, as specified in § 507(a)(1) of the Bankruptcy Code.

## ARTICLE XI
### REPORTS

11:00  Prior to or concurrent with the closing of the subject case, the debtor shall present to the Court the Debtor's certification of substantial performance of his duties under the Plan.

## ARTICLE XII
### MODIFICATION OF THE PLAN

12:00  The Debtors may propose modifications to the Plan, at any time before confirmation, provided that such Plan as modified meets the requirements of § 1122 and § 1123 of the Code, and the Debtor shall have complied with  § 1125 of the Code.

12:01  The Plan may be modified at any time after confirmation and before his substantial consummation provided such Plan, as modified, meets the requirements of § 1122 and § 1123 of the Code and that the Court, after notice and a hearing, confirms such Plan, as modified, under § 1129 of the Code, and the circumstances warrant such modification.

12:02  A holder of a claim or interest that has accepted or rejected the Plan shall, upon modification of the Plan, be deemed to have accepted or rejected the Plan as modified unless, within the time fixed by the Court, such holder changes such holder's previous acceptance or rejection.

## ARTICLE XIII
### JURISDICTION OF THE COURT

13:00  Until this Chapter 11 case is closed, the Court shall retain jurisdiction over all matters, including but not limited to the following:

13:01  The classification or subordination of the claims of any creditor and re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed against creditors' claims.  (The failure by the Debtor to object to, or to examine any claims for the purpose of voting, shall not be deemed to be a waiver of the Debtor's rights to object to, or re-examine the claim in whole or in part.)

13:02  The determination of all questions and disputes regarding title to the assets of the estate, and determinations of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtor and any other party, including but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

13:03  The completion or adjudication of any and all adversary or contested proceedings now or hereafter arising.

13:04  The entry or enforcement of any and all orders, including injunctions, necessary to enforce the title, rights, and powers of the Debtors and to impose such limitations, restrictions, terms and condition of such title, rights and powers as the Court may deem necessary.  A violation of any provision of the Plan shall constitute a violation of the Order Confirming the Plan.

13:05  The correcting of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan, or the order of confirmation, or any other order entered by this Court as may be necessary to carry out the purposes of this Plan.

13:06  Any necessary interpretation or enforcement of the terms and conditions of this plan and any order entered by this Court.

13:07  Any order or other actions necessary to protect or preserve any assets or proceeds being administered under the Plan.

13:08  The entry of an order concluding and terminating the case.

### ARTICLE XIV
<u>CONFIRMATION OF THE PLAN</u>

14:00  The Debtors submit that all of the applicable requirements of subsection (a) of § 1129 of the United States Bankruptcy Code are met with respect to the Plan, that it has been proposed in good faith and not by any means forbidden by law, and that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan.

Respectfully submitted,

RICHARD AND PAMELA KORTAN


<u>/s/ Peter L Berk</u>
One of their attorneys


Forrest L. Ingram
Peter L. Berk
Patrick Lambe
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603-4907
(312) 759-2838
Atty. No. 3129032

*11*